The Honorable Ricardo S. Martinez
Non-Jury Trial: January 18, 2022

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JOHN M. KIVLIN,

                Plaintiff,

v.

CITY OF BELLEVUE, A municipal corporation, and PATRICK C. ARPIN, and CARL KLEINKNECHT, JOHN DOES NOS. 1 to 2 in their individual and official capacities,

                Defendants.

No. 2:20-cv-00790 RSM

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S CLAIMS

**Noted for Hearing: Friday, May 14, 2021**

## I. REPLY

It is undisputed that the conduct upon which the Criminal Justice Training Commission ("CJTC") revoked Officer Kivlin's certification was his: 1) abuse of ACCESS privileges, and 2) false representations to a commanding officer. Despite concessions that his secret paramour accused him of multiple different crimes against her, leading to his arrest, incarceration, and criminal charges by other agencies—and resulting media scrutiny—Kivlin continues to erroneously focus his ire solely on the BPD. Continuing to proceed by misdirected assertion and faulty legal reasoning, Kivlin simply disregards the material, undisputed facts and law that bar his claims. The court should decline to follow this lead.

Though simply ignored, none of the *material* facts cited in Defendants Motion, Dkt. 15, are actually disputed by Kivlin. Nor can they be. The material facts are based on Kivlin's own admissions and undisputed evidence—not "false" statements of Ms. Schneider.

DEFENDANTS' REPLY - 1
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

While it is understandable Kivlin likely regrets circumstances that led to his arrests and public media coverage of court proceedings, it is outrageous to insist that the City is responsible for these events and owes him money. This matter is currently scheduled for a bench trial before this court in January 2022; however, continued waste of public resources on this drama should stop here.

**A.   Kivlin Cannot Credibly Argue That Collateral Estoppel Does Not Bar Re-Litigation of Factual, Legal, and Evidentiary Rulings Made By Prior Tribunals.**

Kivlin speciously asserts that Findings and Conclusions of the CJTC and King County Court are immaterial to the elements of his claims, yet in turn argues those precise issues should prevent summary judgment. Dkt. 22, 26, 23, 27. For example, Kivlin's arguments that the CJTC proceedings or evidentiary rulings were flawed, Dkt. 22 at 12-13, Dkt. 26 at 10-12, are barred by Judge Young's ruling rejecting the exact same arguments. Dkt 16-3. This argument is frivolous.

Plaintiff's Response, Dkt. 26 at 4-10 and Kivlin's Declaration, Dkt. 27, continue to argue the same facts and evidence reviewed by the CJTC during its 2019 hearing, and about which the panel made Findings of Fact and Conclusions of law. Dkt 16-1, at 1205-1219. Kivlin concedes that the CJTC charges were based solely on three charges unrelated to the assault or other criminal charges he claims Ms. Schneider made up, yet continues to focus on her purported lies that led to those criminal charges. Dkt. 26, at 10. The CJTC found "clear and convincing evidence" to support their findings, including credibility determination regarding Kivlin, yet he still implores this court to allow his claims to proceed by continuing to insist he "told the truth" and the CJTC and Judge Young were wrong. *See, e.g.* Dkt. 27, at 11-12. This is precisely the tactic collateral estoppel is designed to foreclose.

It is similarly frivolous to suggest the makeup of the CJTC panel as somehow deficient because it did not contain a "line officer" or "detective. RCW 43.101.380(2)(a) clearly sets forth the required makeup of the five-person (not three, as Plaintiff states) panel convened here: (i) One police chief (Ruston PD Chief); (ii) one sheriff (Lincoln County Sheriff); (iii) two certified Washington peace officers who are at or below the level of first

DEFENDANTS' REPLY - 2
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

line supervisor (first-line supervisors Sequim PD Sgt. and Hoquiam PD Sgt.); and (iv) one person who is not currently a peace officer and who represents a community college or four-year college or university (Shoreline CC Professor). Dkt. 16-1 at 1205; Dkt. 16-3.

While the findings in *Wallace v Island County*, 2011 WL 6210633 (W.D. Wash. 2011), barred re-litigation of the reason for the officer's discharge there, the same principles apply here. Though different legal claims are at issue here, Kivlin cannot dispute that his misconduct did occur, that it constituted criminal conduct, that it would have warranted termination from his employment at BPD and did result in de-certification by the CJTC. That *some* of Ms. Schneider's allegations leading other agencies to arrest him and charge him with felonies may have been false does not eradicate the finding that he *did* engage in other conduct that violated BPD policies and that the CJTC found disqualified him from serving as a police officer.[1]

The alleged "reputational harm" Kivlin claims to have suffered is immaterial unless Kivlin can *first* establish that Defendants made *actionable false* statements of fact that are established as the legal cause of such harm. No one from Bellevue ever stated or implied that Officer Kivlin *assaulted Ms. Schneider or committed a felony*. It is true, however, that he was arrested, publicly charged with crimes by the King County Prosecutor's Office, and admitted under oath he did use "horribly bad judgment" that he regrets, was "stupid," made a "a complete mistake" regarding circumstances related to Ms. Schneider. *See, e.g.* Dkt. 16-1 at 1025, 1129, 1132.

The "privity" requirement applies to Kivlin, not the BPD and CJTC. *See*, *Christensen v. Grant Cty. Hosp. Dist. No. 1,* 152 Wash. 2d 299, 321, 96 P.3d 957, 968 (2004) ("party against whom collateral estoppel is asserted was a party to" prior proceeding), cited at Dkt. 15, at 8. This argument is frivolous.

---

[1] Kivlin mysteriously references an "implied contact/breach of promises" claim, Dkt. 22, at 18:16-20, 26 (heading with no text/argument); Dkt. 26, at 18. This is not a claim made anywhere in Plaintiff's Complaint or supported by any law or evidence, and thus should be disregarded.

DEFENDANTS' REPLY - 3
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**B.      The Court Should Strike and/or Disregard Inadmissible and Immaterial Evidence.**

The Court should strike and disregard inadmissible hearsay contained in the declarations of Bryce Corey and John Kivlin. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also Lynn v. Labor Ready, Inc*., 136 Wn. App. 295, 309, 151 P.3d 201, 209 (2006), *as amended* (Feb. 6, 2007) ("A party cannot rely on inadmissible hearsay in response to a summary judgment motion."). By extension, inadmissible hearsay cannot be considered on a summary judgment motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 320, 106 S. Ct. 2548, 2551, 91 L. Ed. 2d 265 (1986).

Bryce Corey's declaration submitted contains vague, conclusory hearsay allegations regarding unidentified "officers" purported use of the ACCESS system during some unidentified era at BPD and "common views" about handling internal investigations while criminal charges are pending. Dkt. 24 at ¶ 5, ¶ 6.  This hearsay is inadmissible. FRE 801, 802. Corey is not providing expert testimony, was never even listed as a witness with knowledge of facts in Plaintiff's Initial Disclosures, and provided no basis to suggest he knows or understands anything about the actual decisions of the BPD with regard to Kivlin's employment in 2018.  His testimony is not material to any of Kivlin's claims.

Plaintiff John Kivlin's declaration(s) are similarly replete with hearsay, speculation, and conclusory statements that are not admissible and do not withstand summary judgment. *See*, Dkts. 23, 27.[2] They were not filed timely and substantively changed from the first version to the next. Kivlin's statements describing  "I was told," "I heard," "I relied on statements by my union officers" is hearsay. FRE 801, 802.  Every statement starting with "I believe," "I found it [unfair]" "it seemed," "possibly," "I've never seen" is inadmissible speculation and/or self-serving, conclusory opinion that cannot preclude summary judgment. *See, e.g.*,

---

[2] Plaintiff filed a half-completed Response May 10th, a Kivlin declaration May 11th with no exhibits, then "Amended" Response and Kivlin Dec. May 12th. The Court can strike late-submitted responsive evidence as a matter of discretion. *See Cusano v. Klein*, 264 F.3d 936, 951 (9th Cir. 2001); *See Karpenski v. Am. Gen. Life Companies*, LLC, 999 F. Supp. 2d 1235, 1241 (W.D. Wash. 2014)( prejudices the responding party's ability to adequately respond and is not justified). Dkt. 27 has duplicative, misnumbered paragraphs, causing difficulty citing locations in the record for the court.

DEFENDANTS' REPLY - 4
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Fed. Trade Comm'n v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir.1997) ("[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wash. 2d 355, 360, 753 P.2d 517, 519 (1988), *abrog. on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cty.,* 189 Wash. 2d 516, 404 P.3d 464 (2017) ( "[the employee's] perception of himself ... is not relevant. It is the perception of the decision maker which is relevant."); *McCormick v. Lake Washington Sch. Dist.,* 99 Wash. App. 107, 111, 992 P.2d 511, 513 (1999) (Self-serving affidavits contradicting prior sworn testimony cannot be used to create an issue of material fact).[3]

**C.    Kivlin Fails to Establish Actionable State Law Claims.[4]**

Kivlin concedes he was arrested and charged by King County with "serious criminal conduct," resulting in 3 separate incarcerations, probable cause findings by King County Superior Court, and "unsolicited press coverage regarding the events," yet argues with a straight face that a single benign statement that an unidentified BPD officer appeared to have made "some poor personal choices" establishes claims of defamation, false light, and injurious falsehoods. *See*, Dkt. 22, 26, 23, 27.

   1.   <u>Kivlin Simply Ignores Washington Law, Privileges, and Immunities and Fails to Establish a Question of Material Fact Regarding Reputational Claims.</u>

In Dkt. 22, at 20:35-10, Kivlin described his reputational claims as based solely on: 1) Chief Arpin's statement to KOMO TV on April 28, 2018, and 2) a press release issued by the City the same day. *See*, Dkt. 27-6.  In Dkt. 26, he now describes his claims as based on "*statements made by agents of the City of Bellevue regarding the reasons for his arrest and separation from employment to the media and prospective employers*." However, he fails to identify or present evidence of a single such statement. Dkt. 27.

---

[3] *Taylor v. Lowe's Corp.*, No. 18-CV-5622-RJB, 2020 WL 1445755, at *9 (W.D. Wash. Mar. 25, 2020), *appeal dism.,* 2020 WL 6140498 (9th Cir. Sept. 28, 2020) (plaintiff only offered opinion, while employer provided evidence of policy violations); *City of Pomona v. SQM N. Am. Corp.,* 750 F.3d 1036, 1049 (9th Cir. 2014) ("mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment).

[4] Kivlin does not oppose dismissal of his frivolous claim based on the Washington State Constitution. Dkt. 15, at 20-21; Dkt. 22, 26.

DEFENDANTS' REPLY - 5
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

The parties agree on the legal standards, including that this he court should determine, as a question of law, whether the subject statement represent "opinion" or reflect a knowingly false statement of fact, or implied fact that supports an actionable claims as plead here. Dkt. 26, at 22-24. Kivlin fails to respond to Defendants' assertion that he is a "public figure," simply proceeding as if a negligence standard applies, but fails to establish a claim under either standard.

### a.  The Press Release Was Accurate Public Reporting.

The statements in the press release are 100% true, do not identify Kivlin, and specifically note that he was not being named as he had not yet been charged with a crime. Dkt. 27-6. As Kivlin concedes, once King County charged him and he made multiple court appearances, "*All of these events generated major news coverage in local print and broadcast media including photos of me in the courtroom after repeated time in jail and rearrest for alleged witness tampering and/or violating no contact orders.*" Dkt. 27 at p. 6:12-15. Kivlin fails to acknowledge or address the public reporting privilege applicable as well.

### b.  Communications to the CJTC are Immune.

While Kivlin also now references "unknown agents" at an "unknown date" referring "Kivlin's "charges" to the CJTC (Dkt. 22, at 12:2-4), he is well-aware that Chief Arpin transmitted the Peace Officer certification dated August 2, 2018 to the CJTC as required by state law (RCW 43.101.135). Dkt. 16-1, at 56.[5] The declaration is subject to absolute witness immunity and statutory immunity under RCW 43.101.145 and .400. Kivlin fails to address *any* statutory immunities (RCW 43.101 (CJTC), RCW 42.56.060 (Public Records Act), RCW 4.24.730 (Prospective Employers), or privileges ("common interest," "intra-corporate communications," "release of information to the public regarding official activities of law enforcement"). He does not attempt, nor can he in light of the established findings of the CJTC and Court—-and the same evidentiary record presented herein—that any BPD agent

---

[5] This was admitted as Ex. 4 at the CJTC Hearing. *See also*, RCW 43.101.105(1) (The CJTC can revoke certification either "Upon request by a peace officer's employer or on its own initiative…."). The commission has sole discretion whether to investigate matters relating to certification, denial of certification, or revocation of certification without restriction as to the source or the existence of a complaint. RCW 43.101.145.

DEFENDANTS' REPLY - 6
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

made any subject communications "in bad faith." The CJTC, a separate State agency, issued its own Statement of Charges. Dkt. 16-1, at 52-54.[6] Kivlin exercised his right to challenge the charges in a public hearing before this agency. *Id.* at 55. The CJTC is the same agency that issued his Peace Officer Certification on March 22, 2001, at which time he was advised that the CJTC could deny or revoke the certification as well. *Id.* at 56.

          *c.*      *The City Does Not Have a Legal Duty to "Correct" Public Records.*

Kivlin unilaterally speculates the City has "fail[ed] to correct the record in information provided to prospective employers," Dkt. 26, at 21:12-14. In fact, the City has only been contacted by two prospective employers (online). *See, Supplemental Declaration of Patrick Arpin.* As is its practice, the City's central Human Resources office provided basic information about Kivlin's dates of employment and position and provided a release to be signed by Kivlin if the agencies sough additional information. No prospective employer—or Kivlin—provided a signed release or requested further information. *See, Supplemental Declaration of Patrick Arpin.*

Similarly, the court should reject Kivlin's suggestion that the Federal Court create new Washington law for the State by adopting a "compulsory self-publication doctrine." Dkt. 26 at 24-25. *See, e.g., Opperman v. Path, Inc.,* 87 F. Supp. 3d 1018, 1067 (N.D. Cal. 2014). Even assuming this State gave credence to a decades-old theory recognized by a handful of states, it would not otherwise apply to the facts here. The City of Bellevue did not make up or create "defamatory statements"; it addressed policy violations separately from the criminal charges pending in court. *See also*, *LaMon v. Butler*, 112 Wash. 2d 193, 197, 770 P.2d 1027, 1029–30 (1989) (*citing Bender* 99 Wash.2d at 582) (No defamation even on negligence standard where reporter wrote that plaintiff was convicted of assault but failed to mention the charges were dismissed on appeal).[7] The City cannot eradicate court or CJTC records that are readily available to the public.

---

[6] This was admitted as Ex. 1 in the CJTC hearing. *Id.*

[7] Kivlin and Corey provide unsubstantiated opinions regarding police administration that is properly left for expert testimony. *Crook v. City of Shoreline*, No. 10-CV-01977-RSM, 2012 WL 892236, at *5 (W.D. Wash. Mar. 14, 2012) (conduct calling for special skill or knowledge that are proper subjects for expert testimony)

DEFENDANTS' REPLY - 7
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Significantly, Kivlin's response is replete with admissions that he was arrested and incarcerated multiple times by other agencies, held on probable cause findings by the King County Prosecutor's Office and Superior Court based on separate criminal allegations, yet he fails to address the undisputed principle that reputational harm claims cannot be based on information that is ***already in the public domain***. *See*, Dkt. 15, at 14; *Maison de France, Ltd. v. Mais Oui!, Inc.,* 126 Wash. App. 34, 51, 108 P.3d 787, 797 (2005). In fact, Kivlin did make poor choices, was arrested and charged, and also did commit acts that disqualified him from serving as a Police Officer. While attempting to mantle the City with an obligation to "fix" the injustices publicly caused by Ms. Schneider, Kivlin simultaneously concedes there was "significant press attention" given to King County's ultimate decision to *dismiss* criminal charges against him and charge Ms. Schneider with malicious prosecution and tampering with evidence. Dkt. 27, at ¶22.[8]

Finally, Kivlin now withdraws the assertion that the alleged reputation harm was due to statements made to the public but instead claims concern that co-workers within the BPD could have guessed—from media reports of the King County arrest that did not identify him—that he was the "veteran officer" who was arrested in the April 28, 2018 reports. This argument is non-sensical, given the number of BPD officers who were necessarily forced respond to various criminal and other reports made to the agency, as part of their law enforcement responsibilities and months of public court hearings that ensued. Any harm done to his reputation was due to his own conduct and/or intentional acts by a third party, Ms. Schneider. *See, e.g.* Dkt. 27, at p. 6:12-14 ("photos of me in the courtroom" in local media).

 2. <u>Kivlin Fails to Establish a Cause of Action for Wrongful Discharge in Violation of Public Policy.</u>

Interestingly, Kivlin argues he was "compelled" to resign before the IA was even

---

[8] Kivlin's statement that CJTC was "never advised" that these other criminal charges were dismissed is false. Dkt. 27, at ¶20-22. Kivlin raised these issues to the CJTC panel and presented documents; that the panel ruled that they were irrelevant to the issues before them does not equate to preventing him the opportunity to litigate them. As here, they were simply immaterial to Kivlin's policy violations.

DEFENDANTS' REPLY - 8
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

completed and without knowledge of its scope or findings. Dkt. 27, at ¶19. Here, too, Kivlin speculates he "*likely would not have been separated from the City*" if BPD had "*suspended disciplinary proceedings pending the outcome of the criminal investigation*." Dkt. 26 at 27. This specious argument should be disregarded, not only as pure self-serving speculation, but because Kivlin is acutely aware that the bases for his proposed termination and the CJTC's de-certification had nothing to do with the allegations upon which the pending criminal charges were based. As has been established in Defendants' Motion, the CJTC, and the court, none of the findings that Kivlin's engaged in disqualifying misconduct were based on testimony or credibility determinations of Ms. Schneider. *See, e.g*. Dkt. 16-1, at 1205-119, 85-105.

In his Complaint, Kivlin alleges that the "public policy" upon which he based his wrongful discharge claim was RCW Ch. 41.12. Dkt. 1-1, at ¶8.4-8.7. Now, he asserts it is based on a common law right to privacy, *citing Ritchey v. Sound Recovery Centers, LLC*, 14 Wash. App. 2d 1063 (Div. II 2020). In *Richey*, the employee claimed she was terminated for refusing to participate in her employer's drug-testing protocol, which included choosing between a strip search or a live witness to her urinating. Though her refusal to allow others to view her genitalia allegedly arose from PTSD resulting from sexual assault, the court still found she was not "constructively discharged" when the employer did not fire her but told her she could return to work only if she complied with the protocols. Kivlin identifies no such "highly offensive" intrusion by the City into his "seclusion" intended to mar his reputation.

**D.  Kivlin Fails to Establish a Constitutional Violation or Actionable ¶1983 claim.**

Now, for the first time alleges Kivlin was placed in Hobson's choice of "potential violation of his 5th Amendment rights or lose his career for not cooperating with the internal investigation." Dkt. 22, p. 4. It is undisputed Kivlin cancelled his IA interview because he said he was stress—then he quit. He was never asked to waive his Fifth Amendment rights to self-incrimination.

DEFENDANTS' REPLY - 9
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1. <u>Kivlin Fails to Establish a Due Process Violation.</u>

No legal authority supports Kivlin's new theory that BPD was obligated to provide him a *Loudermill* hearing before it was allowed to **accept his resignation** effective August 2, 2018. Dkt. 27, at ¶19-20. He does not dispute he asked to resign on that date and that his Union representatives implored the City to simply accept his August 2nd resignation instead of proceeding with termination. *Id*. An employer is entitled to rely on the representations of a union representative speaking on behalf of an employee. *Bowen v. U.S. Postal Serv.*, 459 U.S. 212, 226, 103 S. Ct. 588, 596–97, 74 L. Ed. 2d 402 (1983) ("By seeking and acquiring the exclusive right and power to speak for a group of employees, the union assumes a corresponding duty to discharge that responsibility faithfully…"). [9]

Despite his newly-minted theory that "*I do believe my 'decision' to leave BPD was effectively coerced as I really had no choice,*" Dkt. 27, at ¶27, Kivlin does not come anywhere close to alleging facts that might establish such "coercion." As the court explained in *Knappenberger v. City of Phoenix*, 566 F.3d 936, 941-942 (9th Cir. 2009):

> "we…..reject cases in which the employee did have a choice, **even if between comparatively unpleasant alternatives**; and consider additional case-specific factors that cut against a finding of coercion, such as whether the employee was given an alternative to resignation or retirement, understood the choice, had a reasonable time in which to decide, or could select the timing of the retirement or resignation."

(emphasis added).

Kivlin's own "beliefs" or "opinions" about how he assumed police administration might handle the situation is immaterial. *Id*. (In evaluating such claims of coercion, we determine voluntariness by an objective standard, rather than by the employee's purely subjective evaluation."). He does not allege *the City* misled him. The IA findings in the Weber report, upon which Chief Arpin relied to consider termination are expressly limited to conduct in violation of BPD policies, upon which the investigator had sufficient evidence to make findings—*not* on the criminal charges pending against Kivlin at the time. DKt. 16-1, at

---

[9] S*ee also, Santos v. Washington State Office of Ins. Com'r*, 177 Wn. App. 1030 (2013) (union representative attended pre-disciplinary meeting on behalf of employee and gave notice of employee's disability).

DEFENDANTS' REPLY - 10
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

85-105. He was represented by Union agents and legal counsel the entire time.

### 2. Kivlin's Equal Protection Claim is Frivolous.

Kivlin first failed to respond to the City's equal protection motion at all, Dkt. 22 at 28, then filed a late, "amended" response consisting of general platitudes but failing to address Federal caselaw clearly barring this employment claim. Dkt. 15 at 24-25. He merely cites two cases discussing standards for evaluating equal protection claims based on legislative statutes that differentiates between classes of people. This claim is frivolous.

### 3. Kivlin Fails to Identify Any "Clearly-Established" Constitutional Violation by Individual Defendants Arpin or Kleiknecht.

In neither Dkt. 22 or 26 does Kivlin identify conduct by either Assistant Chief that violated a "clearly-established" constitutional right to overcome qualified immunity. Kivlin's Federal 1983 claims are based solely on his allegation that he was allegedly "terminated" from employment. Assistant Chief Kleinknecht did not propose to termination. Dkt. 18. Though Assistant Chief Arpin did provide Kivlin a notice of proposed termination, based on findings of conduct violating BPD policies, and invite Kivlin to provide a written response or schedule a *Loudermill* hearing, Kivlin's union representatives instead asked the Assistant Chief to accept Kivlin's resignation. Dkt. 17, 19. He did so at their request. *Id.*

Kivlin provides only general statements of legal principles but no articulable action by either Defendant that suggests they knowingly violated some constitutional right. Dkt. 26 (describing particularized rights only as "the right to held to the standard of conduct [sic] and subject to equal protection" and "right to procedural due process before termination"). What is clearly-established is that Chief Arpin was entitled to rely on Kivlin's union representatives as representing his interests when they asked him to accept Kivlin's resignation instead of proceeding with a Loudermill hearing and potential termination. *See, Bowen, supra.* And it also is clearly-established that placing an employee on paid administrative leave and conducting an internal investigation regarding their conduct, as was Chief Kleinknecht's involvement, is not a disciplinary action or termination giving rise to any type of due process

DEFENDANTS' REPLY - 11
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

claim.[10]

## E. The Court Should Award Cost and Fees for Pursuing Frivolous Claims.

Plaintiff's failure to even respond regarding a number of claims and dispositive defenses, and complete disregard of the CJTC and King County Superior Court rulings—as well as the undisputed evidentiary record separately provided—further demonstrates their unfounded, frivolous nature. Lacking any good faith basis for continued assertion of these claims, the court should award costs and reasonable attorney fees to Defendants for having to proceed with this motion. Dkts. 15, 16, 16-5, 26, 27. Both Plaintiff's untimely and evolving Response(s) and Kivlin's declaration(s) illustrate the petulance of insisting to repeat the exact same arguments and evidence, based solely on Kivlin's own, unilateral "beliefs," that have previously been rejected by the CJTC and the court. Such intentional ignorance of the law and evidence should not be rewarded. The court should dismiss Kivlin's Complaint and award costs and fees to the City of Bellevue.

DATED:  May 14, 2021

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
    Jayne L. Freeman, WSBA #24318
*Attorney for Defendants City of Bellevue,
Patrick Arpin, and Carl Kleinknecht*

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

---

[10] Kivlin now also opines that then-Major Kleinknecht "arrested him" in April of 2018. Dkt. 27, at ¶13. Not only is it undisputed that Kivlin was arrested by the King County Sherriff's Office, Dkt. 16-1, at 1044-1046, and that Kleinknecht was present to serve him with notice of administrative leave from the BPD, but these facts are immaterial to any claim Kivlin has alleged in this lawsuit.

DEFENDANTS' REPLY - 12
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Patricia S. Rose, WSBA #19046
PATRICIA S. ROSE EMPLOYMENT LAWYER
P.O. BOX 31892
Seattle, WA  98103
Telephone:  (206) 622-8964
Facsimile:  (206) 694-2695
Email:  patty@pattyroselaw.com

DATED:  May 14, 2021

>	*/s/ Jayne L. Freeman*
>	Jayne L. Freeman, WSBA #24318
>	*Attorney for Defendants City of Bellevue, Patrick Arpin, and Carl Kleinknecht*
>	801 Second Avenue, Suite 1210
>	Seattle, WA  98104
>	Phone: (206) 623-8861
>	Fax:    (206) 223-9423
>	Email: jfreeman@kbmlawyers.com

DEFENDANTS' REPLY - 13
2:20-cv-00790 RSM
1120-00010/545562.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423